UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

Eastern District of Kentucky
FILED
NOV 2 - 2007
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 07-152-WOB

WESLEY TOLER                                                        PLAINTIFF

VS:                **MEMORANDUM OPINION AND ORDER**

GRANT COUNTY DETENTION CENTER
  and JAILER STEVEN L. KELLAM                      DEFENDANTS

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Wesley Toler ("Toler") has submitted a *pro se* 42 U.S.C. § 1983 complaint, together with a motion for leave to proceed *in forma pauperis* and a sworn statement of his institutional account balances for the last six months. [Dkt. 2] The Court has granted Toler's motion to proceed *in forma pauperis* by separate Order.

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). As Toler is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the court must dismiss a case at any time if it determines the action (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

I.  **BACKGROUND**

Toler alleges that while incarcerated at the Grant County Detention Center on July 5, 2007, he was subjected to two strip searches within a thirty minute period. After the first search was concluded, Toler alleges that the guard took the underwear that Toler was wearing and did not return it, but otherwise permitted him to dress. During the second search, the two guards present laughed at him, and at one point a Lt. Webster grabbed Toler's hand away from his genitals. Toler has sued the Grant County Detention Center and Jailer Steven Kellam for damages and injunctive relief.

II. **DISCUSSION**

Toler's Complaint will be dismissed with prejudice because his claims fail as a matter of law, both as a matter of pleading and on the merits.

First, Toler has named the Grant County Detention Center as a defendant in this action. The Grant County Detention Center is a building, and is therefore not itself a suable entity. The Court construes this claim as one against Grant County, the entity which owns and operates the detention center.

In *Monell v. Dept. of Social Services*, 436 U.S. 658, 690-91 (1978), the Supreme Court held that local governments may be held liable for damages for constitutional torts committed by their employees only when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover. . . local governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's decisionmaking channels."

Toler makes no allegation that the conduct described in the Complaint was part of a practice or custom expressly or tacitly approved by Grant County. Absent such an allegation, stated directly

or reasonably inferred from the text of the Complaint, Toler has failed to state a claim against Grant County. *Smallwood v. Jefferson County Government*, 753 F.Supp. 657 (W.D. Ky. 1991) (county government is a "person" subject to liability under Section 1983); *Torres v. Knapich*, 966 F.Supp. 194 (S.D.N.Y. 1997) (to sue a municipality under Section 1983, a plaintiff must assert that his injuries were caused by the execution of a municipal policy or custom).

Toler has also named Jailer Steven Kellam as a defendant in this action. In his Complaint, Toler alleges that the strip searches were carried out by two unidentified guards and by a Lt. Webster. Toler makes no allegations of any kind regarding any action or inaction by Kellam. While it is true that a supervisory official may be held liable under Section 1983 even where not directly and personally involved in the constitutional violation, to do so the misconduct of the subordinate must be "affirmatively linked" to the action or inaction of the supervisor. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *McGrath v. Scott*, 250 F. Supp. 2d 1218, 1223 (D. Ariz. 2003) ("Supervisory liability concerns whether supervisory officials' own action or inaction subjected the Plaintiff to the deprivation of her federally protected rights. Generally, liability exists for supervisory officials if they personally participated in the wrongful conduct or breached a duty imposed by law."). Toler has made no such allegation here, and his Complaint can therefore only be fairly read to seek to impose liability upon Kellam solely by virtue of his status as the employer of the responsible employee. However, *Monell* expressly rejected such *respondeat superior* arguments as a basis for imposing liability. *Monell*, 436 U.S. at 694 n.58.

Finally, it is plain that neither the county nor supervisory officials can be held vicariously liable for the actions of their employees unless those actions themselves constitute a violation of the Plaintiff's established constitutional rights. It is clear no such violation occurred here. The strip searching of prisoners committed to the custody of penal institutions is permissible so long as it is

carried out to serve legitimate penalogical interests, such as to prevent the carrying of weapons or smuggling of contraband, and is carried out in a reasonable fashion which does not independently constitute a violation of the prisoner's constitutional rights. While unnecessary verbal harassment of a prison is not to be condoned, it does not, without more, violate the prisoner's constitutional rights. *McCoy v. Goord*, 255 F. Supp. 2d 233, 261 (S.D.N.Y. 2003) (corrections officer's alleged verbal harassment of state inmate was not actionable under Section 1983); *Harris v. Keane*, 962 F. Supp. 397, 406 (S.D.N.Y. 1997) (absent any physical injury or harm, verbal provocation or harrassment by state corrections officers did not state claim for cruel and unusual punishment).

## CONCLUSION

Accordingly, the court being advised,

**IT IS ORDERED** as follows:

1. This action is **DISMISSED**, *sua sponte*, with prejudice.

2. This is a **FINAL** and **APPEALABLE** order.

This ___ day of November, 2007.

_____
**WILLIAM O. BERTELSMAN, JUDGE**

4